IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN D. McCLOUD, et al., )
)
              Plaintiffs, )
)
v. )    No. 06 C 1952
)
BEST RATE FUNDING CORPORATION, )
et al., )
)
             Defendants. )

## MEMORANDUM ORDER

Codefendants Best Rate Funding Corporation ("Best Rate") and Novastar Mortgage, Inc. ("Novastar"), although represented by the same law firm, have filed separate Answers to the Complaint brought against them by Kevin and Megan McCloud (collectively "McClouds"), rather than generating a single combined response. Because of some problems created by that usage that are identified in this sua sponte memorandum order, both Answers are stricken--but with leave of course being granted to file a self-contained single Answer on or before June 9, 2006.

There are of course some obvious reasons for doing so: For example, a single response would enable the reader (whether McClouds' counsel or this Court) to identify immediately just where the defendants have positions in common and just where they diverge (if at all), thus facilitating the efficient handling of the litigation. On the other side of the coin, it would undoubtedly have involved less work to generate a single combined response--and as a side benefit, there would have been a modest

gain to the environment by cutting down[1] on the number of trees that are required to generate the multiple copies of the responsive pleading that are required.

But more importantly, what defense counsel have done by splitting the pleadings as they have is to increase the use of the deemed denial format prescribed by the second sentence of Fed. R. Civ. P. ("Rule") 8(b)--and really to do so impermissibly. Thus Novastar repeatedly asserts that it is without knowledge or information sufficient to form a belief as to the truth of allegations regarding Best Rate, and Best Rate reciprocates in kind. That of course is wrong, for surely the knowledge and information on the part of one defendant's counsel that permits the filing of an answer that admits allegations against that defendant also constitutes <u>information</u> for the other defendant served by the selfsame counsel.

That being so, any assertion of disbelief--any Rule 8(b) disclaimer--by either party as to such allegations can hardly be made in good conscience. Hence it is expected that when a defendant is prepared to admit allegations about itself, it will almost always call for a corresponding admission by the other defendant that is represented by the same counsel.[2]

---

[1] Bad pun intended.

[2] Relatedly, it is worth noting that Novastar's Answer ¶16 denies the allegations of Complaint ¶16, which are devoted exclusively to what Best Rate assertedly failed to do. That

2

It should perhaps be emphasized that this memorandum order has made no attempt to be exhaustive in identifying whatever problems may exist with the present responsive pleadings. Any further matters in that respect will be left to McClouds' counsel to raise.

                                           /s/ Milton I. Shadur
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: May 26, 2006

---

denial surely had to be predicated on information from Best Rate itself or from the joint defense counsel, and Navistar's denial on that basis was necessarily an expression of its belief in reliance on that information.

3